UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

AARON W. REED,

       Plaintiff,

       Case No. 3:12-cv-02334-HA

       ORDER

v.

FINANCIAL INDEMNITY CO., a California corporation, and KEMPER CORP,

       Defendants.

HAGGERTY, District Judge:

On October 31, 2012, plaintiff Aaron W. Reed filed a Complaint against his insurer seeking payment for uninsured motorist benefits for personal injuries. The Complaint alleges that plaintiff sustained injuries in an automobile accident on January 9, 2008. Plaintiff further alleges that he suffered lost earnings as a result of the accident. Currently, defendants move to compel plaintiff to submit to a mental examination pursuant to Federal Rule of Civil Procedure 35.

1 -ORDER

Rule 35 provides that a court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Although Rule 35 is to be construed liberally in favor of granting discovery, garden variety emotional distress is insufficient to put plaintiff's mental state into controversy. *Robinson v. HD Supply, Inc.*, No. 2:12-cv-604 GEB AC, 2013 WL 3815987, *5 (E.D. Cal. July 19, 2013) (citations omitted); *Montez v. Stericycle, Inc.*, No. 1:12-cv-0502-AWI-BAM, 2013 WL 2150025, *4 (E.D. Cal. May 16, 2013) (citations omitted); *Nguyen v. Qualcomm Inc.*, No. 09-1925-MMA, 2013 WL 3353840, *3 (S.D. Cal. July 3, 2013) (citations omitted). District courts have characterized garden variety claims for emotional distress as claims of generalized insult, hurt feelings, and lingering resentment that do not involve a significant disruption of the plaintiff's work life and rarely involve more than a temporary disruption of the claimant's personal life. *Nguyen*, 2013 WL 3353840 at *3 (citations omitted). Garden variety emotional distress has been described as "ordinary or commonplace" emotional distress, rather than distress that is complex, such as that resulting in a specific psychiatric disorder. *Fitzgerald v. Cassill*, 216 F.R.D. 632, 637 (N.D. Cal. 2003).

Under the section of plaintiff's Complaint entitled "Injuries," he does not allege that the accident resulted in any emotional damages; however, elsewhere in the Complaint plaintiff asserts that the accident caused "emotional trauma." Complaint at ¶ 2.6. Defendants argue that plaintiff has placed his mental state in controversy by claiming that he is unable to maintain employment or pursue future employment. However, it does not appear that plaintiff is attributing his inability to work to his psychological injuries. Plaintiff appears to claim that his physical injuries alone render him unable to seek employment. Unless plaintiff is claiming that

2 - ORDER

his inability to work is caused by his psychological injuries, he has alleged, at most, garden variety emotional distress. This is insufficient to put plaintiff's mental state into controversy for the purposes of Rule 35.[1]

Based on the foregoing, defendants' Motion to Compel Mental Health Examination [18] is denied with leave to renew. If it is clear that plaintiff intends to allege that his psychological injuries prevent him from gaining employment, or if plaintiff intends to pursue damages for more than garden variety emotional distress, defendants may renew their motion.

IT IS SO ORDERED.

Dated this 2 day of October, 2013.

ANCER L. HAGGERTY
United States District Judge

---

[1] Defendants assert that plaintiff does not challenge the exam; therefore, this court should order the exam to take place. This court disagrees. Plaintiff challenged whether his mental state was in controversy on the second page of his brief in discussing the application of Rule 35.

3 - ORDER